**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 20-1011; 20-1400 Caption [use short title]

**Motion for:** consolidate appeals and establish a common brefing schedule

Set forth below precise, complete statement of relief sought:

Respondent Jona Rechnitz seeks to consolidate and establish a common briefing schedule in case nos. 20-1011 (Mr. Rechnitz's direct appeal) and 20-1400 (COBA's petition) because both Appeals concern the same restitution order in the same case owed by the same defendant, and payable to the same victim. The government consents to that relief. Additionally, Mr. Rechnitz proposes a consolidated briefing schedule and seeks permission to file a consolidated brief that is oversized (up to 18,000 words). If the Motion is denied, Mr. Rechnitz requests 30 days to respond to the Petition in 20-1400.

UNITED STATES v. RECHNITZ

**MOVING PARTY:** Jona Rechnitz **OPPOSING PARTY:** United States of America

☐ Plaintiff ☐ Defendant

☑ Appellant/Petitioner ☑ Appellee/Respondent

**MOVING ATTORNEY:** Alyss D. Bell **OPPOSING ATTORNEY:** Martin Bell, AUSA

[name of attorney, with firm, address, phone number and e-mail]

| Moving Attorney | Opposing Attorney |
|---|---|
| Cohen Williams LLP | 1 St. Andrew's Plaza, New York, NY 10007 |
| 724 S. Spring St., 9th Floor, Los Angeles, CA 90014 | |
| 213-232-5160; abell@cohen-williams.com | |

Court- Judge/ Agency appealed from: Hon. Alvin K. Hellerstein, SDNY

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**

s/Alyssa D. Bell **Date:** 05/27/2020 Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JONA RECHNITZ,<br><br>Defendant-Appellant, | No. 20-1011 |
| IN RE: THE NEW YORK CITY CORRECTION OFFICERS' BENEVOLENT ASSOCIATION,<br><br>Petitioner. | No. 20-1400 |

**DEFENDANT-APPELLANT JONA RECHNITZ'S MOTION TO CONSOLIDATE APPEALS AND ESTABLISH A COMMON BRIEFING SCHEDULE**

Pursuant to Rule 3 of the Federal Rules of Appellate Procedure, Defendant-Appellant Jona Rechnitz respectfully submits this motion to consolidate the two above-captioned appeals (the "Appeals") and establish a common briefing schedule.

## PRELIMINARY STATEMENT

The Appeals[1] both stem from and relate entirely to the District Court's restitution order in *United States v. Jona Rechnitz,* Case No. 16-cr-389-1. In fact, the Appeals will present the opposite sides of the same coin: Defendant-Appellant Jona Rechnitz ("Mr. Rechnitz") will argue on appeal that the District Court's restitution order is excessive while the New York City Correctional Officers' Benevolent Association ("COBA"), a victim in the case, argues that the restitution order is insufficient. More specifically, Mr. Rechnitz will argue that the restitution order is error because the amount ordered ($10,000,000.00) is far greater than the amount supported by the law and facts. As he argued below, Mr. Rechnitz contends that the correct restitution amount is $1,206,000.00. Neither the government nor the Probation Office disagreed. Yet COBA argues that the District Court's restitution amount is far less than the loss attributable to Mr. Rechnitz, which it claims is $14,010,000.00.[2] Because both Appeals concern the same restitution order in the same case, owed by the same defendant, and payable to the same victim, the Appeals should be consolidated and briefing and argument should be streamlined by a common briefing schedule.

---

[1] The Appeals are *United States v. Jona Rechnitz*, No. 20-1011, and *In Re The New York City Correctional Officers' Benevolent Association*, No. 20-1400.

[2] COBA also argues that the District Court's payment schedule–$500,000 per year for twenty years–is also error.

## BACKGROUND

On June 8, 2016, Jona Rechnitz pled guilty, pursuant to a cooperation plea agreement, to one count of conspiring to commit honest services fraud, in violation of 18 U.S.C. § 1349. Mr. Rechnitz admitted that he facilitated the payment of a bribe by Murray Huberfeld, the founder of a hedge called Platinum Partners ("Platinum"), to a senior COBA official, Norman Seabrook, for the purpose of inducing COBA's investment of union funds in Platinum.

In the lead up to sentencing, the Probation Office calculated the loss attributable to Mr. Rechnitz's as $1,206,000, which was based on a loss of $6,000 by the New York Police Department ("NYPD") and $1,200,000 by COBA. (PSIR 54-56.) Neither Mr. Rechnitz nor the government objected to the Probation Office's loss calculation. Yet the District Court announced an intention to order restitution of $19,000,000.00 and invited the parties to brief the question of the loss attributable to Mr. Rechnitz's conduct.[3] (ECF No. 73.) Mr. Rechnitz argued, consistent with the Probation Office's recommendation, that on both legal and factual grounds the loss amount attributable to Mr. Rechnitz was $1,200,000.00. (ECF No. 76.) More specifically, Mr. Rechnitz argued that the reasonably

---

[3] The District Court also ordered Mr. Rechnitz to supplement the financial information he provided to the Probation Office. (ECF. No. 73.) Mr. Rechnitz provided the requested additional financial information to Probation on November 22, 2019.

foreseeable loss of the bribery offense in which Mr. Rechnitz participated with Messrs. Huberfeld and Seabrook should reflect the total of the intended fees associated with the investment rather than the full loss of the underlying investment, which was caused by a separate, independent fraud perpetrated at Platinum. (ECF No. 79.) Again, the government did not contest Mr. Rechnitz's position regarding restitution. (ECF No. 78.) COBA submitted a victim impact statement and a memorandum of law in support of restitution.[4]

On December 19, 2019, the District Court held a sentencing hearing for Mr. Rechnitz. At that hearing, the District Court orally sentenced Mr. Rechnitz to a five-month term of imprisonment, a three-year term of supervised release (the first five months of which are to be served in home confinement), and restitution in the amount of $10,000,000.00 (jointly and severally liable with his codefendants) payable at a rate of $500,000.00 per year. (Dec. 19, 2020 Tr. at 39-41; 83-95.) With respect to the restitution, the District Court reasoned that $10,000,000.00 was appropriate because COBA had invested $10,000,000.00 in Platinum during Mr. Rechnitz's active involvement in the bribery scheme. (Dec. 19, 2020 Tr. at 39.)

On February 27, 2020, COBA filed a motion under the Crime Victims' Rights Act ("CVRA") in which it asked the District Court to order Mr. Rechnitz to

---

[4] COBA did not file its victim impact statement on the docket.

immediately pay COBA $14,010,000.00 in restitution. (ECF Nos. 81-82.) COBA argued that, because Mr. Rechnitz was at least as culpable as Messrs. Seabrook and Huberfeld, he should be held jointly and severally liable for the full unpaid amount of COBA's loss, which at the time was $14,250,000.00. (ECF No. 82 at 5.)

On March 3, 2020, the District Court entered its judgment and commitment order. (ECF No. 84.) On March 17, Mr. Rechnitz filed his notice of appeal. (ECF No. 86.) On March 26, the District Court denied COBA's motion under the CVRA without prejudice. (ECF No. 90.)

## ARGUMENT

### A. The Appeals Should Be Consolidated

The Federal Rules of Appellate Procedure "encourage consolidation of appeals whenever feasible." Fed. R. App. P. 3 Advisory Committee's Notes. Consolidation of cases is favored when it serves judicial economy and the interests of justice. *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993); *see also* 20 Daniel R. Coquillette, *et al.*, Moore's Federal Practice – Civil § 303.41[1] (2015).

Further, when multiple appeals arise out of "a common origin . . . and are taken from a single judgment disposing of all issues" they should be "consolidated for hearing at the same time . . . and should not be separated for hearing or final

determination." *Fuller Brush Co. v. Northern States Power Co.*, 261 F.2d 340, 342 (8th Cir. 1958); *see also Allison v. Bank One-Denver*, 289 F.3d 1223, 1230 n.1 (10th Cir. 2002) (appeals consolidated when sharing "identical facts and a common record").

Here, both Mr. Rechnitz's appeal and COBA's petition arise out of the same judgment and rely on the same nucleus of facts and evidence. Hearing the Appeals separately would not only be inefficient and wasteful of judicial resources, but it could lead to conflicting decisions.

**B. There Should Be A Common Briefing Schedule**

Given the identical factual and overlapping legal issues in the Appeals, it would be efficient to establish a common schedule for the remaining briefs to be filed. Both Mr. Rechnitz and the government anticipate that many (if not all) of the issues are closely related and will require substantially identical briefing.

Accordingly, Mr. Rechnitz respectfully requests permission to file one common brief addressing all questions regarding the propriety of the District Court's restitution order in this case. He further requests permission to file an oversize brief containing up to 18,000 words instead of the 14,000 words provided for under the Federal Rules of Appellate Procedure for individual briefs.

Counsel for Mr. Rechnitz has conferred with Assistant United States Attorneys Martin Bell and Lara Pomerantz, who represent the government. The government consents to this relief.

Counsel for Mr. Rechnitz also conferred with counsel for COBA, Christopher J. Gunter, regarding this request. Mr. Gunter indicated that COBA would not consent to this relief. Mr. Gunter indicated that, while COBA would consent to a two-week enlargement of time (to June 9, 2020) for Mr. Rechnitz to oppose COBA's petition, it would not consent to that enlargement if Mr. Rechnitz sought to consolidate the Appeals.

## CONCLUSION

For the foregoing reasons, Defendant-Appellant Jona Rechnitz respectfully requests that the Appeals be consolidated, the Court permit Defendant-Appellant Rechnitz to file an oversize brief of up to 18,000 words, and an order be entered containing the following briefing schedule:

- Mr. Rechnitz's opening brief and response to COBA's petition due on September 25, 2020;
- The United States' answering brief and response to COBA's petition, if any, due on October 26, 2020;

- Petitioner COBA's reply brief, if any, to the responses of both Mr. Rechnitz and the United States to COBA's petition due on November 25, 2020; and
- Mr. Rechnitz's reply brief, if any, to the United States' answering brief due on November 25, 2020.

If the Court denies this Motion, Mr. Rechnitz respectfully requests 30 days, through June 26, 2020, to file his opposition to COBA's Petition.

Dated: May 27, 2020

Respectfully submitted,

COHEN WILLIAMS LLP
*/s/ Alyssa Bell*
Alyssa Bell
Email: abell@cohen-williams.com

724 S. Spring Street
9th Floor
Los Angeles, California 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

*Attorneys for Defendant-Appellant*
JONA RECHNITZ

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JONA RECHNITZ,<br><br>Defendant-Appellant, | No. 20-1011 |
| IN RE: THE NEW YORK CITY CORRECTION OFFICERS' BENEVOLENT ASSOCIATION,<br><br>Petitioner. | No. 20-1400 |

**DECLARATION OF ALYSSA BELL IN SUPPORT OF DEFENDANT-APPELLANT JONA RECHNITZ'S MOTION TO CONSOLIDATE APPEALS AND ESTABLISH A COMMON BRIEFING SCHEDULE**

ALYSSA BELL, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a partner at the law firm of Cohen Williams LLP in Los Angeles, California. I am admitted to practice law by the State Bar of California and the New York State Bar Association. I am also admitted to the Bar of the United

States Court of Appeals for the Ninth Circuit. Concurrently with this Motion, I am seeking admission to the Bar of this Court. I represent Defendant-Appellant Jona Rechnitz in the above-captioned matters.

2. On May 7, 2020, Mr. Rechnitz's former counsel, Alan Levine of Cooley LLP, was relieved as counsel of record. (Dkt. No. 20.) This Court ordered Mr. Rechnitz to find substitute counsel (or seek appointed counsel) within 21 days. (*Id.*)

3. Mr. Rechnitz retained my firm to represent him in both *United States v. Jona Rechnitz*, No. 20-1011 and *In Re New York City Correctional Officers Benevolent Association*, No. 20-1400 (the "Appeals") on May 22, 2020.

4. Based on my firm's preliminary review of the record in the Appeals and in consultation with government counsel, Assistant United States Attorneys Martin Bell and Lara Pomerantz, I submit the accompanying Motion to Consolidate Appeals and for a Common Briefing Schedule (the "Motion"). As discussed in the Motion, both the Appeals arise from the same sentencing proceedings and, more specifically, concern the same restitution order against Mr. Rechnitz and in favor of the New York City Correctional Officers Benevolent Association ("COBA").

5. In Mr. Rechnitz's direct appeal of his sentence, No. 20-1011, this Court has not yet set a briefing schedule.

6. In COBA's petition for writ of mandate (the "Petition"), No. 20-1400, the parties stipulated to a briefing schedule that would have the government and Mr. Rechnitz file their respective responses to the Petition on May 26, 2020.

7. On May 22, 2020, we met and conferred by telephone with government counsel. Assistant United States Attorneys Bell and Pomerantz indicated that the government consented to the Motion.

8. On May 23, 2020, my partner, Michael Schafler, conferred with Christopher Gunter, counsel for COBA, regarding the Motion. On May 26, 2020, Mr. Gunter indicated that COBA would not consent to the Motion. Mr. Gunter indicated that COBA would consent to a two-week enlargement of time of Mr. Rechnitz's deadline to file an opposition to COBA's Petition, but that it would not agree to that enlargement if Mr. Rechnitz sought consolidation.

9. Because my firm was only retained for the Appeals on May 22, I have not yet had an opportunity to secure Mr. Rechnitz's trial counsel's files, review the record below, conduct any research, and prepare a substantive response to COBA's Petition. I have also not had an opportunity to prepare Mr. Rechnitz's direct appeal.

10. On May 25, 2020, my firm proposed the following common briefing schedule:

- Mr. Rechnitz's opening brief and response to COBA's petition due on September 25, 2020;
- The United States' answering brief and response to COBA's petition, if any, due on October 26, 2020;
- Petitioner COBA's reply brief, if any, to the responses of both Mr. Rechnitz and the United States to COBA's petition due on November 25, 2020; and
- Mr. Rechnitz's reply brief, if any, to the United States' answering brief due on November 25, 2020.

11. Additionally, because I will be filing a single Opening Brief and Response to COBA, I have requested, respectfully, that the word count be enlarged for that brief to 18,000 words.

12. I proposed the common briefing schedule above in light of the following scheduling conflicts:

- On June 12, 2020, I have a reply brief due in *People v. Tonoyan*, No. B291714 (2d Dist. Cal. Ct. App.).
- On July 10, 2020, I have an opening brief due in *United States v. Wright*, Nos. 19-10137 and 19-10152 (9th Cir.).

- On July 16, 2020, I have an opening brief due in *United States v. Saterstad*, No. 19-10303 (9th Cir.).
- On August 4, 2020, my partner, Reuven Cohen, and I are scheduled to begin a 7-day trial in *United States v. Fritsch*, 2:17-cr-520-DSF (C.D. Cal.).
- On September 10, 2020, I have a petition for writ of certiorari due in *United States v. Kimbrew,* No. 18-50251 *(*9th Cir.).
- On September 15, 2020, Mr. Cohen and I are scheduled to begin trial in *United States v. Ciampa*, 2:15-cr-00474-PSG (C.D. Cal.).
- On October 20, 2020, Mr. Cohen, Mr. Schafler and I are scheduled to begin a 12-day trial in *United States v. Rogers*, 8:18-cr-00057-JLS (C.D. Cal.).
- On November 3, 2020, Mr. Cohen, Mr. Schafler and I are scheduled to begin an 8-day trial in *United States v. Payne*, 8:17-cr-53-JLS (C.D. Cal.).

13. If the Court denies Mr. Rechnitz's Motion to Consolidate Appeals and to Establish Common Briefing Schedule, I respectfully request an enlargement of time to file an opposition to COBA's Petition. I respectfully request 30 days and a new deadline of June 26, 2020. The government consents to this request.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 27, 2020
Los Angeles, CA

COHEN WILLIAMS LLP

*/s/ Alyssa Bell*
ALYSSA BELL
Counsel for JONA RECHNITZ